UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:12cr76-MOC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **AMENDED PRELIMINARY ORDER** |
| ) | **OF FORFEITURE** |
| DANIEL TURNER, ) | |
| ) | |
| Defendant. ) | |

In the Bill of Indictment in this case, the United States sought forfeiture of property of the Defendant as property that was used or intended to be used to facilitate the crimes charged, which would be subject to forfeiture under 18 U.S.C. § 2253. Defendant pled guilty to Counts One and Two in the Bill of Indictment; and was adjudged guilty of the offense charged in those counts. By his plea, together with the grand jury's finding of probable cause, Defendant has admitted facts sufficient to forfeit specific property as described below.

Defendant timely responded to the government's Motion for Preliminary Order of Forfeiture. Defendant does not therein contend that the computer is not subject to forfeiture, but instead argues that it should not be forfeited at this time because the contents of the hard drive are in dispute as evidenced by defendant's objection to the number of images found on that device. A preliminary order of forfeiture ("POF") does not, however, authorize the final disposition of evidence in a case. Instead, the POF only allows the government to "seize the specific property subject to forfeiture . . . and to commence proceedings that comply with any statutes governing third-party rights." Fed.R.Crim.P. 32.2(b)(3). Thus, the POF does not put the hard drive beyond the reach of the defendant or the court for purposes of conducting a

sentencing hearing. However, to accommodate defendant's concern with preservation of evidence, the court will modify the POF by including in its Order an explicit requirement that the hard drive (or a mirror image forensic drive) be maintained until judgment becomes final.

**It is therefore ORDERED:**

1. Based upon Defendant's plea of guilty, the United States is authorized to seize the following property belonging to Defendant, and it is hereby forfeited to the United States for disposition according to law, provided, however, that such forfeiture is subject to any and all third party claims and interests, pending final adjudication herein:

**One HP Pavilion Slimline computer, serial number CNX8241G3G.**

2. Pursuant to 21 U.S.C. § 853(n)(1), the government shall publish notice of this order; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the Defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Order of Forfeiture, as a substitute for published notice as to those persons so notified.

3. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n).

4. The government shall, in accordance with the last sentence of Rule 32.2(b)(3), preserve the hard drive (or a mirror image forensic drive) until judgment becomes final.

Signed: March 5, 2013

Max O. Cogburn Jr.
United States District Judge