UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cr-00076-MOC-DSC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **DANIEL TURNER,** | ) | |
| | ) | |
| Defendant(s). | ) | |

**THIS MATTER** is before the court on the government's Motion for Extension of Time. Defendant has timely filed his response, objecting to the proposed 30-day extension. For cause, defendant argues that the government has not provided the information necessary to determine restitution within the first 90 days, that his offense was one of possession not production making it difficult for the government to show a nexus between his actions and the harm sustained by the victims, and that the court has not yet found probable cause.

Despite defendant's objections, the court can see no reason not to grant the relief requested as the task before the government is daunting based on the 8,000 images that must be reviewed for identifiable child victims as well as contacting those victims and their attorneys. While the court understands defendant's arguments under Dolan v. United States, 560 U.S. 605 (2010), closer reading of the majority's opinion reveals that the relief sought by the government is not precluded:

> The dissent, however, creates a rule that could adversely affect not just restitution, but other sentencing practices beyond the narrow circumstances presented here. Consider, for example, a judge who (currently lacking sufficient information) wishes to leave open, say, the amount of a fine, or a special condition of supervised release. In the dissent's view, the entry of any such

judgment would immediately deprive the judge of the authority later to fill in that blank, in the absence of a statute specifically providing otherwise. See post, at 2544 – 2546 (opinion of ROBERTS, C.J.). Thus, the sentencing judge would either have to (1) forgo the specific dollar amount or potential condition, or (2) wait to enter any judgment until all of the relevant information is at hand. The former alternative would sometimes deprive judges of the power to enter components of a sentence they may consider essential. The latter alternative would require the defendant to wait—perhaps months—before taking an appeal.

\*\*\*

**In any event, unless one reads the relevant statute's 90–day deadline as an ironclad limit upon the judge's authority to make a final determination of the victim's losses, the statute before us itself provides adequate authority to do what the sentencing judge did here—essentially fill in an amount-related blank in a judgment that made clear that restitution was "applicable."** App. 49 (boldface deleted). Since the sentencing judge's later order did not "correct" an "error" in the sentence, Rule 35 does not apply. Compare Fed. Rule Crim. Proc. 35(a) with post, at 2545 – 2546. Hence the dissent's claim that there is no other statute that creates authority (even were we to assume all else in its favor, which we do not) is merely to restate the question posed in this case, not to answer it.

Dolan, 130 S.Ct. at 2543 -2544 (emphasis added). The court will, therefore, grant the government an additional 30 days within which to ascertain victim loses in this matter.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the government's Motion for Extension of Time (#41) is GRANTED, and the government is allowed an additional 30 days within which to make such filing.

Signed: October 8, 2013

Max O. Cogburn Jr.
United States District Judge